IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GEOFFREY LEWIS WOMACK, | ) | 8:11CV97 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| PATRICK J. MCKERNAN, REY | ) | |
| RIOS, and MIKE KING, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on March 16, 2011. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff filed his Complaint in this matter on March 16, 2011, against three staff members of the Open Door Mission, a nonprofit organization in Omaha, Nebraska. (Filing No. 1 at CM/ECF pp. 1, 6.) Condensed and summarized, Plaintiff alleges that Defendants sexually harassed, slandered and defamed Plaintiff. (*Id*. at CM/ECF pp. 2-4.) Plaintiff also alleges that Defendants discriminated against him because they permitted "white males" to rest, but asked him to perform duties even though he had a temporary medical pass. (*Id*. at CM/ECF p. 3.) Plaintiff asks the court to "investigate" and "prepare" his claims for a "criminal/civil" action before a judge. (*Id*.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

### A. *State Actor*

To obtain relief under 42 U.S.C. § 1983, a plaintiff must show (1) the deprivation of a right secured by the Constitution or laws of the United States, and (2) that a person acting under color of state law caused the deprivation. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). "The ultimate issue in determining whether a person is subject to suit under

2

§ 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights 'fairly attributable to the State?'" *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Thus, an allegation that a private entity has deprived the plaintiff of a constitutional right fails to state a cause of action under 42 U.S.C. § 1983. *See, e.g., Pino v. Higgs*, 75 F.3d 1461, 1464-67 (10th Cir. 1996) ("To bring a claim under § 1983, a plaintiff must initially establish that a defendant acted 'under color of any statute, ordinance, regulation, custom, or usage, of any State' to deprive the plaintiff of 'any rights, privileges, or immunities secured by the Constitution and laws' of the United States. 42 U.S.C. § 1983." (citations omitted)). Therefore, if the actions of the defendant were "not state action, our inquiry ends." *Rendell-Baker*, 457 U.S. at 838.

Here, Plaintiff does not allege that Defendants are state actors or that Defendants' actions were fairly attributable to the state. In short, Plaintiff has failed to allege sufficient facts for the court to reasonably infer that Defendants acted under color of state law. However, on the court's own motion Plaintiff shall have 21 days to file an amended complaint to establish that Defendants are state actors or that they acted under color of state law.

  B.  *Equal Protection*

Liberally construed, Plaintiff asserts that Defendants violated his equal protection rights because they requested that he perform duties when he had a temporary medical pass. (Filing No. 1 at CM/ECF p. 3.) To establish an equal protection violation, Plaintiff must identify a class of similarly situated persons who are treated dissimilarly. *See Anderson v. Cass County, Mo.*, 367 F.3d 741, 747 (8th Cir. 2004). Although Plaintiff asserts that "white males" were permitted to rest, he does not specify his race or identify a similarly situated person who was treated dissimilarly. Accordingly, Plaintiff has failed to allege sufficient facts to state an

equal protection claim upon which relief may be granted. However, because the court is permitting Plaintiff to amend his complaint, Plaintiff shall have 21 days to file an amended complaint that clearly states an equal protection claim upon which relief may be granted.

### C. State Law Claims

Liberally construing the Complaint, Plaintiff may also have claims for violations of state law such as slander, assault and defamation. Pending amendment of the Complaint as set forth in this Memorandum and Order, the court makes no finding regarding its jurisdiction over any potential state law claims. In the event that Plaintiff fails to amend his Complaint in accordance with this Memorandum and Order, the court will not retain jurisdiction over any state law claims and those claims will be dismissed without prejudice to reassertion in state court.[1]

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (filing no. 1) fails to state a claim upon which relief may be granted. However, Plaintiff shall have until **June 6, 2011**, to amend his Complaint in accordance with this Memorandum and Order. If Plaintiff fails to file an amended complaint, Plaintiff's claims against Defendants will be dismissed

---

[1] To the extent that Plaintiff asks the court to initiate a criminal investigation or prosecution, his request lacks merit. A private plaintiff cannot force a criminal prosecution because the "authority to initiate a criminal complaint rests exclusively with state and federal prosecutors." *See Mercer v. Lexington Fayette Urban Cnty Gov't*, No. 94-6645, 1995 WL 222178, at *1 (6th Cir. Apr. 13, 1995) (unpublished order); *see also United States v. Batchelder*, 442 U.S. 114, 124 (1979) ("Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion."); *Rzayeva v. United States*, 492 F. Supp. 2d 60, 73 (D. Conn. 2007) ("[T]his Court lacks jurisdiction to order federal agents to initiate a prosecution.").

without further notice.

2. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (filing no. 1), and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

3. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: "Check for amended complaint on **June 6, 2011**."

4. Plaintiff shall keep the court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice.**

DATED this 16th day of May, 2011.

BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.